STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-AP-15-26

MARK ABBOTT & REBECCA BLOCH, )
)
     Plaintiffs-Appellants, )
)
v. )
)
TOWN OF CAPE ELIZABETH & )
ANDREW & DANIELLE CURRIER, )
)
     Defendants-Appellees. )

ORDER ON RULE 80B APPEAL

STATE OF MAINE
Cumberland. ss. Clerk's Office

FEB 26 2016

RECEIVED

Plaintiffs-Appellants Mark Abbott and Rebecca Bloch appeal from a decision by the Town of Cape Elizabeth Zoning Board of Appeals (the "ZBA") pursuant to Maine Rule of Civil Procedure 80B. Based on the following, Abbott and Bloch's appeal is granted and the decision of the Town of Cape Elizabeth Zoning Board of Appeals is vacated and remanded for further consideration.

## I.    BACKGROUND

Defendants-Appellees Andrew and Danielle Currier (the "Curriers") reside at 17 Ocean View Road in Cape Elizabeth, Maine. (R. 3 at 1.) The Curriers home sits on a nonconforming lot that does not meet the minimum lot-size requirement of the applicable zoning ordinance. (R. 3 at 2, 4.) The Curriers home is also a nonconforming structure because it is not in compliance with the setback requirements of the applicable ordinance. (R. 3 at 4-5.) Mr. Abbott and Ms. Bloch are neighbors who reside at 19 Ocean View Road, which directly abuts the Curriers' lot. (*Id.*)

On April 12, 2015, the Curriers filed an application with the ZBA seeking approval to enlarge their home by adding a second story. (R. 1 at 1-3; R. 3 at 1.) The Curriers filed their

application under § 19-4-3.B.3 of the ordinance, which governs the reconstruction or replacement of nonconforming structures. (R. 3 at 1.)

On May 22, 2015, counsel for Mr. Abbott and Ms. Bloch submitted a letter to the ZBA asserting that the Curriers' application was being reviewed under the wrong ordinance. (R. 2 at 1.) Counsel asserted that, because the Curriers' lot was a nonconforming lot, the Curriers' application should be reviewed under § 19-4-3.A.2.a, which governs the enlargement or modification of a principal structure on a nonconforming lot. (*Id.*) Counsel also argued that § 19-4-3.B.3 did not apply to the Curriers' application because their home has not been removed, or damaged or destroyed. (R. 2 at 2.)

A meeting of the ZBA was held on May 26, 2015. (R. 3 at 1.) The Curriers appeared at the ZBA meeting and explained that they sought to build a "modest addition" to their home. (*Id.*) Mr. Abbott, Ms. Bloch, and their counsel also spoke at the ZBA meeting and objected to the Curriers application. (R. 3 at 2.) Counsel asserted that, because the Curriers' lot was a nonconforming lot, the Curriers' application should be reviewed under § 19-4-3.A.2.a. (*Id.*) The ZBA approved the Curriers' application under § 19-4-3.B.3. (R. 3 at 4-5; R. 4 at 1.) The ZBA found that the Curriers request was an application "to reconstruct a nonconforming structure base on Section 19-4-3.B.3 of the Zoning Ordinance." (*Id.*)

On July 2, 2015, Mr. Abbott and Ms. Bloch filed a complaint for review of the ZBA's action pursuant to Maine Rule of Civil Procedure 80B. Mr. Abbott and Ms. Bloch filed their brief on August 11, 2015. The Town of Cape Elizabeth ("the Town") filed their opposition brief on September 9, 2015. Mr. Abbott and Ms. Bloch filed a reply brief on September 24, 2015. The Curriers filed an appearance to appear *pro se* on July 31, 2015. However, the Curriers did not file a brief in this action.

2

## II.    STANDARD OF REVIEW

When reviewing the decision of a municipal agency pursuant to Maine Rule of Civil Procedure 80B, the court reviews the decision "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Wyman v. Town of Phippsburg*, 2009 ME 77, ¶ 8, 976 A.2d 985 (internal quotation marks and citation omitted). The party seeking to vacate the municipal agency's decision bears the burden of persuasion on appeal. *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048.

The interpretation of local ordinances is a question of law that the court reviews *de novo*. *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684. The court examines ordinances for their plain meaning and construes the terms of ordinances reasonably "in light of the purposes and objectives of the ordinance and its general structure." *Id.* ¶ 9. Court must also give the words in the ordinance their "plain and ordinary meaning" and must not be construe the ordinance "to create absurd, inconsistent, unreasonable, or illogical results." *Duffy v. Town of Berwick*, 2013 ME 105, ¶ 23, 82 A.3d 148 (internal quotation marks and citation omitted). If the meaning of an ordinance is clear on its face, the court looks no further. *Rudolph*, 2010 ME 106, ¶ 9, 8 A.3d 684.

The "spirit" of the zoning ordinances is "to restrict rather than to increase any nonconforming uses." *Lewis v. Town of Rockport*, 1998 ME 144, ¶ 12, 712 A.2d 1047 (internal citation and quotation marks omitted). Thus, zoning ordinances permitting the continuation nonconforming uses are strictly construed. *Id.*

## III.   ANALYSIS

Mr. Abbott and Ms. Bloch assert that the ZBA erred as a matter of law in approving the Curriers' application. (Pl. Br. 1.) Abbott and Bloch raise two arguments: (1) that ZBA

3

incorrectly applied § 19-4-3.B.3 to the Curriers' applicant to enlarge a nonconforming structure, and (2) even if the ZBA correctly applied § 19-4-3.B.3 the Curriers' application, the proposed enlargement is not permitted under the ordinance because the Curriers a proposing an increase in nonconformity. (*Id.* at 4, 6.)

A.    Whether The ZBA Erred in Applying § 19-4-3.B.3

Mr. Abbott and Ms. Bloch argue that the ZBA incorrectly applied § 19-4-3.B.3 to the Curriers' application because § 19-4-3.B.3 applies to the "reconstruction or replacement" of a nonconforming structure that is "removed, or damaged or destroyed." (*Id.* at 4.) Mr. Abbott and Ms. Bloch assert that the Curriers home has not been removed, or damaged or destroyed, and that the Curriers are not reconstructing or replacing the home. (*Id.*) Rather, the Curriers are enlarging their nonconforming home, which also sits on a nonconforming lot. (*Id.*) According to Mr. Abbott and Ms. Bloch, the ZBA should have reviewed the Curriers' application under § 19-4-3.A.2.a, which governs the enlargement or modification of a principal structure on a nonconforming lot. (*Id.* at 4-5.)

In response, the Town asserts that the ZBA correctly applied § 19-4-3.B.3 to the Curriers' application. (Def. Br. 4.) The Town argues that the Curriers application met the criteria for "reconstruction" under § 19-4-3.B.3 because the Curriers "propose to remove a portion of the house (the roof), raise it less than a full story, and construct dormers underneath." (*Id.* at 5.) The Town makes no argument that the Curriers' home was damaged or destroyed. The Town also argues that, even if the Curriers' application falls under both § 19-4-3.B.3 and § 19-4-3.A.2.a of the ordinance, § 19-4-3.B.3 must control because, under the ordinance's rule of construction, whenever a provision in the ordinance conflict with another provision, statute, or regulation, "the more restrictive and specific provision shall control." (*Id.* at 6); Cape Elizabeth, Me., Zoning

4

Ordinance, Art. X, § 19-10-1 (Sept. 11, 2014). The Town asserts that § 19-4-3.B.3 is the more restrictive provision. (*Id.* at 7.)

Section 19-4-3.B.3 of the Ordinances states:

### 3. *Reconstruction and Replacement*

Any nonconforming structure which is located closer than the required setback from the property line and which is *removed, or damaged or destroyed* may be *reconstructed or replaced* provided that a permit is *obtained within one (1) year of the date of said damage, destruction, or removal*, and the building or structure will be located within the original building footprint, will not increase the number of square feet of floor area, and will not create or expand any nonconformities. *Reconstruction* of a nonconforming structure not in compliance with these limitations may be permitted provided that such reconstruction is in compliance with the set back requirement to the greatest practical extent as determined by the Zoning Board of Appeals in accordance with the purposes of this Ordinance. In no case shall a structure be reconstructed or replaced so as to increase its nonconformity.

In determining whether the building *reconstruction or replacement* meets the setback to the greatest practical extent, the Zoning Board of Appeals shall consider the physical condition and type of foundation present, if any, in addition to the criteria in Sec. [19-4-3.B.2], Relocation.

Cape Elizabeth, Me., Zoning Ordinance, Art. IV, § 19-4-3.B.3 (Sept. 11, 2014) (emphasis supplied).

On its face, § 19-4-3.B.3 only applies to applications to "reconstruct or replace" a nonconforming structure that has been previously "removed, or damaged or destroyed." The court must examine plain language of the ordinance and construes the ordinance "in light of the purposes and objectives of the ordinance and its general structure." *Bizier*, 2011 ME 116, ¶ 9, 32 A.3d 1048. Ordinances that permit the continuance of nonconformity are strictly construed. *Lewis*, 1998 ME 144, ¶ 12, 712 A.2d 1047. Foremost, § 19-4-3.B.3 is written in the past tense. Section 19-4-3.B.3 applies to nonconforming structures that were "removed, or damaged or destroyed," not structures that may be removed or that the applicant intends to remove. Cape

Elizabeth, Me., Zoning Ordinance, Art. IV, § 19-4-3.B.3. The ordinance permits reconstruction or replacement of the nonconforming structure "provided that a permit is *obtained within one (1) year of the date of* said damage, destruction, or removal." *Id.* (emphasis supplied). Thus, it is clear from the plain language of the ordinance that § 19-4-3.B.3 applies to applications to reconstruct or replace nonconforming structures that were previously removed, or damaged or destroyed.

Furthermore, the court must give the words in an ordinance their plain and ordinary meaning. *Duffy*, 2013 ME 105, ¶ 23, 82 A.3d 148. The plain and ordinary meaning of the word "reconstruct" is "to construct again." The American Heritage Dictionary of the English Language 1510 (3d ed. 1996). The plain meaning of the word "replace" is "to put back in a former position or place," "to take or fill the place of," or "to provide a substitute for." *Id.* at 1530. Further, the verb "remove" means "to move from a place or position occupied," "to take off," or "to take away." *Id.* at 1527. Similarly, the word "removal" means "the act of removing," or "the fact of being removed." *Id.*

The record demonstrates that the Curriers' application does not seek to "reconstruct" or "replace" a previously removed structure. The Curriers' application to the ZBA explicitly states that they are seeking to "enlarge" their home by building a "modest addition" that would add roughly 650 square feet to their home. (R. 1 at 4.) The architectural drawing included in the application shows that the Curriers seek to add a second floor to their home. (R. 1 at 7-17.) At the ZBA meeting on May 26, 2015, Mr. Currier explicitly stated that they are seeking "to build an addition to their home," that "the modest addition would add 650 square feet" to the home, and that the "addition would only add height" to the home. (R. 3 at 1.) Mrs. Currier also repeatedly described their proposal as an "addition" during the ZBA meeting. (R. 3 at 1, 3.)

6

The record demonstrates that the Curriers are not seeking to reconstruct a previously removed nonconforming structure. Rather, the Curriers are seeking to enlarge their nonconforming home by constructing a second floor addition. Therefore, based on the plain and unambiguous terms of § 19-4-3.B.3, the ZBA erred in in applying § 19-4-3.B.3 to the Curriers' application.

Additionally, the court finds the Town's argument that the application met the criteria for § 19-4-3.B.3 because the Curriers "propose to remove the roof" in order to accommodate the second floor addition unpersuasive. If the court were to adopt the Town's interpretation of § 19-4-3.B.3, any proposal to enlarge or modify a nonconforming structure that requires the removal the smallest component part of the structure would constitute a "removal" or "reconstruction" under § 19-4-3.B.3. The court cannot conceive of any proposal to enlarge or modify a nonconforming structure that would not require the removal of at least some part of the existing structure. Thus, nearly all proposals to enlarge or modify nonconforming structures would be considered a "reconstruction" under § 19-4-3.B.3, and nearly all application seeking to enlarge or modify a nonconforming structures could seek approval under § 19-4-3.B.3 without the need for a variance. Such an interpretation is not only contrary to the plain meaning of the words in § 19-4-3.B.3, it would create an illogical result and run contrary to spirit of the zoning ordinances, which is to restrict, not expand, nonconformity. *Duffy*, 2013 ME 105, ¶ 23, 82 A.3d 148; *Lewis*, 1998 ME 144, ¶ 12, 712 A.2d 1047.

Therefore, based on the foregoing, the ZBA's approval the Curriers' application under § 19-4-3.B.3 constitutes an error of law.

7

B.    Remaining Arguments

Because the court finds, based on the plain language of the ordinance, that § 19-4-3.B.3 did not apply the Curriers' application and that the ZBA erred by approving the Curriers' application under § 19-4-3.B.3, the court does not reach the Town's argument that if the Curriers' application falls under both § 19-4-3.B.3 and § 19-4-3.A.2.a of the ordinances, then § 19-4-3.B.3 must control. (Def. Br. 6-7.) The court expresses no opinion whether the ordinances are in conflict or which ordinance controls.

Additionally, because the court finds that § 19-4-3.B.3 did not apply to the Curriers' application and the ZBA erred, the court need not reach Abbott and Bloch's second argument that the Curriers' proposed enlargement is not permitted under § 19-4-3.B.3 because it seeks an impermissible increase in nonconformity. (Pl. Br. 6.)

**IV.    CONCLUSION**

Plaintiffs-Appellants Mark Abbott and Rebecca Bloch's appeal pursuant to Maine Rule of Civil Procedure 80B is granted. The decision of the Town of Cape Elizabeth Zoning Board of Appeals is vacated and remanded for further consideration.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date:  2/25/16

Lance Walker
Justice, Superior Court

8